UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL VANDERLINDEN,

        Plaintiff,                                          No. 22-11060

v.                                                   Honorable Nancy G. Edmunds

CITY OF WARREN,
    et al.
        Defendants.
_____/

**ORDER GRANTING DEFENDANT BELL'S MOTION TO SET ASIDE CLERK'S DEFAULT [27]**

This matter is before the Court on Defendant Jerry Bell's motion to set aside default. (ECF No. 27.) Defendants City of Warren and Fouts and Plaintiff filed response briefs to Defendant Bell's motion. (ECF Nos. 29, 30.) The Court will decide the matter without a hearing pursuant to Eastern District of Michigan Local Rule 7.1. (ECF No. 28.)

Plaintiff's complaint was filed on May 16, 2022. (ECF No. 1.) A summons to Defendant Bell was issued on May 17, 2022. (ECF No. 2.) The summons and complaint return of service notes that Jerry Bell was personally served on May 26, 2022 at an address in Mount Clemens, Michigan that is the Macomb County Jail. (ECF No. 8.) Defendant Bell has not responded to the complaint or anything else on the docket prior to filing his request to set aside default on December 12, 2022. (ECF No. 27.) On December 5, 2022, Plaintiff moved for a Clerk's Entry of Default against Defendant Bell. (ECF No. 25.) The Clerk entered default on December 7, 2022. (ECF No. 26.)

1

Under Fed. Rule. Civ. P. 55(a), when a party has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause, . . . ." Fed. R. Civ. P. 55(c). Defendant Bell asks the Court to set aside his default because he was incarcerated in the Macomb County Jail from January 4, 2022 until November 30, 2022. (ECF No. 27.) The Court finds that in this instance, Defendant Bell has shown good cause for the failure to respond. He was incarcerated for nearly one year, was served the complaint while he was in jail, and yet filed his request to set aside default less than two weeks after being released, albeit in response to the entry of default days prior.

With respect to the question of potential prejudice to Plaintiff, delay alone is insufficient to establish prejudice. *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.* 815 F.2d 391, 398 (6th Cir. 1987). The motion to dismiss has only just been resolved and according to Defendants, no discovery has been initiated. Plaintiff argues that the Defendants' interests are "directly aligned in this action," the underlying claims allege conspiracy and collusion, and allowing Defendant Bell to set aside the default "will complicate the discovery process and allow an opportunity for even greater collusion in their defense." (ECF No. 30, PageID.235-36.); INVST Fin. Grp., Inc., 815 F.2d at 398. This argument is not persuasive and this is the same position Plaintiff would have been in had Defendant Bell responded timely and no default had been entered.

It is too early to determine whether Defendant Bell has meritorious defenses to Plaintiff's claims, but Bell's liability hinges in part on actions taken with his alleged state-actor co-defendant. He is not without defenses. Finally, the Court must consider whether Defendant's culpable conduct led to this default. The Court notes that Defendant Bell has

not provided a reason why he could not communicate with the Court before now. However, the Court notes that he responded within 2 weeks of his release from jail. The Court does not have a basis to find that he has shown an intent to thwart judicial proceedings, or a reckless disregard for the effect of his conduct on the proceedings. *Shepard Claims Serv, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir 1986).

**Conclusion**

For the reasons stated above it is hereby ordered that Defendant Jerry Bell's Default is set aside.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 27, 2023


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager